IN THE UNITED STATES DISTRICT COURT IN AND FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No.:

TRUDY MIGHTY, as Personal Representative of the
Estate of DAVID N. ALEXIS, deceased,

Plaintiff,

vs.

MIAMI-DADE COUNTY, a Political Subdivision of the State
of Florida; MIAMI-DADE COUNTY POLICE DEPARTMENT,
a Governmental Subdivision of Miami-Dade County;
JOHN AND JANE DOES 1-2, in Their Individual and
Official Capacities as Miami-Dade County Police Officers,

Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, TRUDY MIGHTY, as Personal Representative of the Estate of DAVID N.

ALEXIS, deceased, by and through her undersigned counsel, hereby sues Defendants

MIAMI-DADE COUNTY, a Political Subdivision of the State of Florida; MIAMI-DADE

COUNTY POLICE DEPARTMENT, a Governmental Subdivision of Miami-Dade County;

JOHN AND JANE DOES 1-2, in their Individual and Official Capacities as Miami-Dade

County Police Officers, and alleges:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1.      This is an action for money damages in excess of $15,000.00, exclusive of

costs and interest, brought pursuant to the Fourth, Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution, and under the Constitution and Laws of

the State of Florida, against MIAMI-DADE COUNTY, the MIAMI-DADE POLICE

DEPARTMENT, and Miami-Dade Police Officers, JOHN AND JANE DOES 1-2, arising

out of the conduct of Police Officers JOHN AND JANE DOES 1-2 on or about October 2, 2012, during which David Alexis was fatally shot by the use of deadly force. Officers JOHN AND JANE DOES 1-2 unlawfully and unconstitutionally assaulted, battered, shot, and killed David Alexis, causing his wrongful death. Defendants failed to prevent the occurrence of these constitutional violations.

2.     This is also an action against the Directors of the MIAMI-DADE POLICE DEPARTMENT, as the supervisory officers responsible for the conduct, training, and supervision of the police officers of the MIAMI-DADE POLICE DEPARTMENT, for their failure to properly and lawfully train police officers in the appropriate methods of surveillance, tracking, stopping, detaining, and taking individuals into custody.

3.     This is further an action against the MIAMI-DADE COUNTY, Florida, as the ultimate policymakers for the MIAMI-DADE POLICE DEPARTMENT and its officers.

4.     At all times material hereto, Plaintiff, Trudy Mighty, as the Personal Representative for the Estate of David Alexis, deceased, was and is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

5.     At all times material, Plaintiff, Trudy Mighty, was the duly appointed Personal Representative of the Estate of David Alexis, deceased, and is the proper party to bring this action.

6.     At all times material, Teyliah Alexis, whose date of birth is January, 6, 2007, was the minor daughter of David Alexis and his statutory survivor, pursuant to §768.18, Florida Statutes.

7. At all times material hereto, Defendant, MIAMI-DADE COUNTY, was a political subdivision of the State of Florida, organized and existing under the laws of the State of Florida. MIAMI-DADE COUNTY, acting through its Governmental Subdivision, MIAMI-DADE POLICE DEPARTMENT, was responsible for, among other things, "promot[ing] a safe and secure environment, free from crime and fear of crime."

8. At all times material hereto, Defendant, MIAMI-DADE POLICE DEPARTMENT, was a Governmental Subdivision of Miami-Dade County with its headquarters at 9105 N.W. 25th Street, Doral, Florida, and was duly organized and existing under the laws of the State of Florida. It is charged with and responsible for the appointment, training, promotion, and supervision of members of the MIAMI-DADE POLICE DEPARTMENT, which includes providing training, instruction, discipline, control, and conduct of the MIAMI-DADE POLICE DEPARTMENT and its personnel.

9. At all times material hereto, the MIAMI-DADE POLICE DEPARTMENT had the power, right, and duty to control the manner in which its officers carried out the objectives of their employment, and to ascertain that all orders, rules, instructions, and protocols of the MIAMI-DADE POLICE DEPARTMENT were consistent with the Constitutions, statues, ordinances, regulations, customs, policies, usage, and laws governing the State of Florida and the United States.

10. Currently, Plaintiff does not know the identity of all officers, along with other MIAMI-DADE POLICE DEPARTMENT employees or personnel, who were on the scene of the incident and either shot the decedent, David Alexis, or shot at him, prevented necessary medical care from being administered, or were otherwise involved

in the shooting death of David Alexis. Accordingly, Plaintiff has named those unknown persons as Defendants, JOHN AND JANE DOES 1-2, and will seek leave to join them under their true name when Plaintiff ascertains their true identity.

11.     At all times material JOHN AND JANE DOES 1-2 were acting in their official capacities, as agents or employees of MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT, or alternatively, as individual professional officers.

12.     Pursuant to §768.28, Florida Statutes, the State of Florida, for itself and for its agencies and subdivisions, has waived its sovereign immunity in tort actions such as this, in which personal injury and related damages resulted from the negligence or a wrongful act or omission of employees of the agency or subdivision while acting within the scope of their office or employment under circumstances in which the State of Florida or such agency or subdivision, if a private person, would be liable to the claimant under the general laws of the State of Florida.

13.     Defendants, MIAMI-DADE COUNTY and MIAMI-DADE POLICE DEPARTMENT, at all relevant times herein, acted by and through their employees, agents, apparent agents, servants, officers, or representatives, who were acting within the course of their employment, agency, apparent agency, servitude, office, or representative capacity, or under the control, or right of control of Defendants, MIAMI-DADE COUNTY and MIAMI-DADE POLICE DEPARTMENT, and in furtherance of their interests, thereby making Defendants, MIAMI-DADE COUNTY and MIAMI-DADE POLICE DEPARTMENT, vicariously liable for the acts of commission and omission of

their employees, agents, apparent agents, servants, officers, and representatives under §768.28(1), Florida Statutes, including without limitation, JOHN AND JANE DOES 1-2.

14.    All notice requirements and conditions precedent to the bringing and the maintenance of this action have been performed, occurred, or have been waived, including the notice requirements set forth in §768.28, Florida Statutes.

15.    This action is based on the individual and concerted conduct of the named Defendants in utilizing the police power of the State of Florida to deprive David Alexis of his constitutional and civil rights.  This conduct violated the David Alexis's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, sections 2, 9, 12, and 17 of the Florida Constitution, as well as the statutes and laws of Florida.

16.    The violations described in this Complaint resulted from the policies, customs, patterns, and practices of the named government agencies and their employees, and at all times material to this action, all of the named Defendants acted under color of state or local law.

## FACTUAL ALLEGATIONS

17.    On or about October 2, 2012, the decedent, David Alexis was 26 years of age and had left his place of employment at North Shore Hospital in the evening, and drove his car to his parent's home, located at 1451 N.W. 113th Terrace, Miami, Florida.

18.    At that time and place, the decedent, David Alexis, exited his car in front of his parent's home in order to open the gates of the driveway in order to drive his car on

to his parent's property, when he was confronted by several individuals who were parked inside a white unmarked vehicle across the street from the family home.

19.     At that time and place, unbeknownst to the decedent, David Alexis, the occupants of the white unmarked vehicle, included Officers JOHN AND JANE DOES 1-2, who it is believed were undercover police officers assigned to the Robbery Intervention Detail Unit (hereinafter "RID") of the MIAMI-DADE POLICE DEPARTMENT.

20.     Upon information and belief, RID is a specialized unit with the purpose of identifying locations and subjects based upon recent reported crimes and to focus their resources on these subjects and locations so that the opportunity to commit the crime of robbery is reduced.

21.     Upon information and belief, there had been no reason for RID to suspect that David Alexis was engaged or had been engaged in prior robberies to justify the surveillance that was occurring outside of the Alexis' family home.

22.     While David Alexis stood at or near his car in front of his parent's home, unarmed, Officers JOHN AND JANE DOES 1-2 shot and killed him.  There were a number of shots fired, even while David Alexis attempted to turn around and go inside his parent's house.  David Alexis may have been shot, or shot at, by other unidentified police officers on the scene as well.

23.     Upon information and belief, at no time did the decedent, David Alexis, engage in conduct that would have justified the Defendants' use of deadly force against him.

24.     Before his death, David Alexis experienced significant pain and suffering from the shots fired by Officers JOHN AND JANE DOES 1-2. After the shooting and prior to his death, David Alexis was denied reasonable medical care and assistance by Officers JOHN AND JANE DOES 1-2, and potentially other personnel on the scene who were capable of providing necessary medical care and assistance.

25.     Upon information and belief, at the time of his death, the decedent, David Alexis, had not been placed under arrest, or even subject to arrest, because he had done nothing wrong and was merely an innocent civilian exiting his car in front of his parent's home.

26.     As a direct and proximate result of the aforesaid conduct by the Defendants, as described herein, the decedent, David Alexis, was wrongfully killed on October 2, 2012.

## COUNT I  (42 U.S.C. §1983 Claim)
## MIAMI-DADE COUNTY AND MIAMI-DADE POLICE DEPARTMENT

27.     Plaintiff re-alleges paragraphs 1 through 26 as if set forth herein and further alleges as follows.

28.     This action against MIAMI-DADE COUNTY and MIAMI-DADE POLICE DEPARTMENT is brought by Trudy Mighty, as the Personal Representative for the Estate of David N. Alexis, decedent, for the excessive use of force and the assault and battery of David Alexis, conduct that violated clearly established law, including the constitutional rights of David Alexis.

29.     The shooting of David Alexis was unjustified by any actions of David Alexis, who was unarmed, and constituted an unreasonable and excessive use of force.

30.     The shooting of David Alexis was the result of conduct that was recklessly, maliciously, or deliberately indifferent to David Alexis, in depriving him of his constitutional rights.

31.     At all relevant times, Defendants, JOHN AND JANE DOES 1-2, were acting within the course and scope of their employment as authorized officers and agents of MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT, and while in purported furtherance of their official duty, caused a constitutional deprivation of the rights of David Alexis under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the comparable provisions of the Florida Constitution by shooting and killing David Alexis while he was unarmed.

32.     The deprivation of constitutional rights was proximately caused by MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT:

(a)     In having a policy and/or custom and practice that directs police officers that deadly force may be used, in the absence of the constitutionally required existence of objective probable cause;

(b)     In having a policy and/or custom and practice of ratifying and approving unreasonably shootings of persons by MIAMI-DADE COUNTY Police Officers, without implementing methods and training necessary to prevent such shootings;

(c)     In having a policy and/or custom and practice of failing to discipline police officers, who use deadly force improperly and who unreasonably shoot persons; and

(d)     In failing to properly train police officers in the proper and legal use of deadly force.

33.     As a direct and proximate result of the actions of JOHN AND JANE DOES 1-2, for which MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT are responsible, David Alexis died on October 2, 2012.

34.     Plaintiff, Trudy Mighty, as the Personal Representative of the Estate of David N. Alexis, is entitled to recover damages flowing from the deprivations of David Alexis's constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Florida Constitution.

35.     The actions alleged herein directly and proximately resulted in bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the incurring of funeral expenses, and lost earnings.  These losses are permanent in nature.

36.     As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff, Trudy Mighty, as the Personal Representative for the Estate of David N. Alexis, sustained damages, including without limitation, the past and future mental pain and suffering of David Alexis's surviving minor daughter, Teyliah Alexis; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that David Alexis's surviving minor daughter, Teyliah Alexis, would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful

death; expenses of medical care and funeral arrangements arising from the injury and death of David Alexis; the loss of the estate's prospective net accumulations; and loss of inheritable estate.

**COUNT II  (42 U.S.C. §1983 Claim)**
**JOHN AND JANE DOES 1-2**

37.     Plaintiff re-alleges paragraphs 1 through 26 as if set forth herein and further alleges as follows.

38.     This action is brought against Miami Police Department Officers JOHN AND JANE DOES 1-2 for the excessive use of force under color of the law that deprived David Alexis of his constitutionally protected rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the comparable provisions of the Florida Constitution.

39.     At all relevant times, Defendants, JOHN AND JANE DOES 1-2, were acting within the course and scope of their employment as police officers of the MIAMI-DADE POLICE DEPARTMENT and acting under color of law.

40.     Defendants, JOHN AND JANE DOES 1-2, acting under color of the law, deprived David Alexis of the rights and privileges secured to him by the United States Constitution, including the right not to be deprived of his liberty without due process of law and his right to be free from unreasonable searches and seizures of his person, under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

41.    Defendants, JOHN AND JANE DOES 1-2, conduct failed to adhere to constitutional standards on the use of force by a law enforcement officer under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

42.    Defendants, JOHN AND JANE DOES 1-2, conduct violated clearly established and well-settled Federal and Florida constitutional rights belonging to the decedent, David Alexis.

43.    The decedent, David Alexis, was shot and killed by Officers JOHN AND JANE DOES 1-2 while standing outside of his car, unarmed, in front of his parent's home.  David Alexis did not pose an imminent threat of death or serious physical injury to the officers or to the public.  Without legal cause or justification, JOHN AND JANE DOES 1-2 employed deadly force and shot David Alexis.  In shooting and killing David Alexis, JOHN AND JANE DOES 1-2 used force that was excessive, unnecessary, and disproportionate to that force necessary to detain, arrest, or subdue David Alexis.

44.    The actions of JOHN AND JANE DOES 1-2 were not objectively reasonable under the circumstances, and thus, they were not protected by the doctrine of qualified immunity, or any other immunity.

45.    The actions, as alleged herein, of JOHN AND JANE DOES 1-2 directly and proximately resulted in bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the incurring of funeral expenses, and lost earnings.  These losses are permanent in nature.

46.     As a direct and proximate result of the actions of JOHN AND JANE DOES 1-2, for which MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT are responsible, David Alexis died on October 2, 2012.

47.     As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff, Trudy Mighty, as the Personal Representative for the Estate of David N. Alexis, sustained damages, including without limitation, the past and future mental pain and suffering of David Alexis's surviving minor daughter, Teyliah Alexis; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that David Alexis's surviving minor daughter, Teyliah Alexis, would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful death; expenses of medical care and funeral arrangements arising from the injury and death of David Alexis; the loss of the estate's prospective net accumulations; and loss of inheritable estate.

### COUNT III (Wrongful Death)
### MIAMI DADE COUNTY AND MIAMI DADE POLICE DEPARTMENT

48.     Plaintiff re-alleges paragraphs 1 through 26 as if set forth herein and further alleges as follows.

49.     This action is brought against MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT by Plaintiff, Trudy Mighty, as the Personal Representative for the Estate of David Alexis under Florida law that holds a government

entity liable for the negligence and other wrongful acts of its employees and agents acting within the course and scope of their employment and/or agency.

50.     Pursuant to §768.28(6), Florida Statutes, Plaintiff has presented this claim in writing to MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT, neither of which made a final disposition of the claim within six months of receipt.  That failure is deemed a denial for purposes of the applicable statute.

51.     All conditions precedent to filing this action have been met by Plaintiff or have been waived by MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT.

52.     Defendants, JOHN AND JANE DOES 1-2, were acting within the course and scope of their employment as Miami-Dade Police Officers when they shot and killed David Alexis on October 2, 2009.

53.     Defendants, JOHN AND JANE DOES 1-2, placed David Alexis in a foreseeable zone of risk and thus owed a duty of care to the decedent, David Alexis, to exercise reasonable care in their use of a firearm once having undertaken actions to assess reasonable suspicion and/or probable cause, subdue, detain, and/or constitutionally arresting him.

54.     At all times material hereto, Defendants JOHN AND JANE DOES 1-2 knew or should have known that failing to properly detain, seize, and/or arrest David Alexis under the well-established notions of the Fourth Amendment and failing to follow well-established guidelines for the use of deadly force would result in serious injury and/or death to citizens of MIAMI-DADE COUNTY, including David Alexis.

55.     Because of the failure of MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT to properly train and supervise its police officers on the use of deadly forced, JOHN AND JANE DOES 1-2 breached the duties owed to David Alexis, conducting themselves in a careless and negligent manner by shooting and killing David Alexis under circumstances in which a reasonable police officer would not have believed David Alexis, who was unarmed, posed an immediate threat of death or serious bodily harm to JOHN AND JANE DOES 1-2 or to anyone else.

56.     Defendants JOHN and JANE DOES 1-2 breached the duties owed to the decedent, David Alexis, when they failed to adhere to accepted law enforcement standards and practices for the use of firearms when detaining and arresting subjects.

57.     As a direct and proximate result of the actions of JOHN AND JANE DOES 1-2, for which MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT are responsible, David Alexis died on October 2, 2012.

58.     As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff, Trudy Mighty, as the Personal Representative for the Estate of David N. Alexis, sustained damages, including without limitation, the past and future mental pain and suffering of David Alexis's surviving minor daughter, Teyliah Alexis; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that David Alexis's surviving minor daughter, Teyliah Alexis, would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful death; expenses of medical care and funeral arrangements arising from the injury and

death of David Alexis; the loss of the estate's prospective net accumulations; and loss of inheritable estate.

## COUNT IV - (Wrongful Death)
## JOHN AND JANE DOES 1-2

59.     Plaintiff re-alleges paragraphs 1 through 26 as if set forth herein and further alleges as follows.

60.     This action is brought against MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT by Plaintiff, Trudy Mighty, as the Personal Representative for the Estate of David Alexis under Florida law that holds a government entity liable for the negligence and other wrongful acts of its employees and agents acting within the course and scope of their employment and/or agency.

61.     Pursuant to § 768.28(6), Florida Statutes, Plaintiff has presented this claim in writing to MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT, neither of which made a final disposition of the claim within six months of receipt.  That failure is deemed a denial for purposes of the statute.

62.     All conditions precedent to filing this action have been met by Plaintiff or have been waived by MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT.

63.     Defendants, JOHN AND JANE DOES 1-2, were acting within the course and scope of their employment as Miami-Dade Police Officers when they shot and killed David Alexis on October 2, 2012.   MIAMI-DADE COUNTY and the MIAMI-DADE

POLICE DEPARTMENT are responsible for the actions of police employees while engaged within the course and scope of the employment.

64.     Defendants, JOHN AND JANE DOES 1-2 assaulted and caused bodily harm to David Alexis by shooting him while he stood unarmed outside of his car, in front of his parent's home.  The shooting and unlawful detention of David Alexis constituted excessive force and was accomplished without the consent and against the will of the decedent, David Alexis.

65.     As a direct and proximate result of the actions of JOHN AND JANE DOES 1-2, for which MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT are responsible, David Alexis died on October 2, 2012.

66.     As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff, Trudy Mighty, as the Personal Representative for the Estate of David N. Alexis, sustained damages, including without limitation, the past and future mental pain and suffering of David Alexis's surviving minor daughter, Teyliah Alexis; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that David Alexis's surviving minor daughter, Teyliah Alexis, would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful death; expenses of medical care and funeral arrangements arising from the injury and death of David Alexis; the loss of the estate's prospective net accumulations; and loss of inheritable estate.

### COUNT V  (Assault & Battery)

## MIAMI-DADE COUNTY AND MIAMI-DADE POLICE DEPARTMENT

67. Plaintiff re-alleges paragraphs 1 through 26 as if set forth herein and further alleges as follows.

68. This action is brought against MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT by Plaintiff, Trudy Mighty, as the Personal Representative for the Estate of David Alexis under Florida law that holds a government entity liable for the negligence and other wrongful acts of its employees and agents acting within the course and scope of their employment and/or agency.

69. Pursuant to § 768.28(6), Florida Statutes, Plaintiff has presented this claim in writing to MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT, neither of which made a final disposition of the claim within six months of receipt. That failure is deemed a denial for purposes of the statute.

70. All conditions precedent to filing this action have been met by Plaintiff or have been waived by MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT.

71. Defendants, JOHN AND JANE DOES 1-2, were acting within the course and scope of their employment as Miami-Dade police officers when they shot and killed David Alexis on October 2, 2012. MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT are responsible for the actions of police employees while engaged within the course and scope of the employment.

72. Defendants, JOHN AND JANE DOES 1-2 caused bodily harm to David Alexis by shooting him while he stood unarmed outside of his car, in front of his parent's

home. The shooting and unlawful detention of David Alexis constituted excessive force and was accomplished without the consent and against the will of the decedent, David Alexis.

73. As a direct and proximate result of the actions of JOHN AND JANE DOES 1-2, for which MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT are responsible, David Alexis died on October 2, 2012.

74. As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff, Trudy Mighty, as the Personal Representative for the Estate of David N. Alexis, sustained damages, including without limitation, the past and future mental pain and suffering of David Alexis's surviving minor daughter, Teyliah Alexis; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that David Alexis's surviving minor daughter, Teyliah Alexis, would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful death; expenses of medical care and funeral arrangements arising from the injury and death of David Alexis; the loss of the estate's prospective net accumulations; and loss of inheritable estate.

## COUNT VI - (Negligent Failure to Train)
## MIAMI DADE COUNTY AND MIAMI-DADE POLICE DEPARTMENT

75. Plaintiff re-alleges paragraphs 1 through 26 as if set forth herein and further alleges as follows.

76.    Defendants   MIAMI-DADE   COUNTY   and   MIAMI-DADE   POLICE DEPARTMENT owed David Alexis, as well as all other residents of MIAMI-DADE COUNTY, a duty to properly train and supervise its officers regarding the procedures to make an arrest during a sting operation, the use of firearms when arresting an individual, the proper discharge of a firearm, and the use of deadly force.

77.    Defendants   MIAMI-DADE   COUNTY   and   MIAMI-DADE   POLICE DEPARTMENT breached this duty by failing to provide Defendants JOHN AND JANE DOES 1-2 with proper and special training so that they could be prepared to execute the necessary duties reasonably expected of them during the course and scope of the employment.

78.    As a direct and proximate result of the actions of JOHN AND JANE DOES 1-2, for which MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT are responsible, David Alexis died on October 2, 2012.

79.    As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff, Trudy Mighty, as the Personal Representative for the Estate of David N. Alexis, sustained damages, including without limitation, the past and future mental pain and suffering of David Alexis's surviving minor daughter, Teyliah Alexis; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that David Alexis's surviving minor daughter, Teyliah Alexis, would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful death; expenses of medical care and funeral arrangements arising from the injury and

death of David Alexis; the loss of the estate's prospective net accumulations; and loss of inheritable estate.

## VICARIOUS LIABILITY

For every count, Plaintiff asserts vicarious liability against Defendants, MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT, for all actions undertaken by the individual Defendants, JOHN AND JANE DOES 1-2, who engaged in the conduct described herein while acting within the course and scope of their employment for the institutional Defendants, MIAMI-DADE COUNTY and the MIAMI-DADE POLICE DEPARTMENT, or their agents, and carried out the policies, customs, practices, and procedures of the institutional Defendants.

## DEMAND FOR JUDGMENT AND JURY TRIAL

WHEREFORE, Plaintiff, TRUDY MIGHTY, as Personal Representative of the Estate of DAVID N. ALEXIS, and on behalf of the estate, and the decedent's sole surviving minor daughter, Teyliah Alexis, hereby demands judgment for damages against Defendants, MIAMI-DADE COUNTY, MIAMI-DADE POLICE DEPARTMENT, JOHN AND JANE DOES 1-2, including without limitation, past and future mental pain and suffering of the decedent's surviving minor daughter, Teyliah Alexis; the loss of the care, maintenance, companionship, instruction, guidance, advice, counsel, inheritance, and other reasonable contributions of pecuniary and non-pecuniary value that the surviving minor daughter would have otherwise received during the decedent's life had it not been for his untimely, tragic, and wrongful death; expenses of medical care and funeral arrangements arising from the decedent's injury and death; the loss of the

*Estate of Alexis v. Miami-Dade County, et al.*
USDC, Southern District of Florida Case No.:
Page 21

estate's prospective net accumulations; and loss of inheritable estate.   In addition,

Plaintiff seeks attorney's fees and costs pursuant to 42 U.S.C. §1988, along with

interest and costs, and such other relief as this Court deems just and proper.

Plaintiff further demands trial by jury.

Dated this 3rd day of September, 2014.

**DLD LAWYERS**
Attorneys for Plaintiffs
Alhambra Center - Penthouse
150 Alhambra Circle
Coral Gables, Florida 33134
Tel.: (305) 443-4850
Fax: (305) 443-5960

BY: *Frank L. Labrador*

FRANK L. LABRADOR
FLA. BAR NO.: 796980
flabrador@dldlawyers.com
        - *and* -
MARY MARGARET SCHNEIDER
FLA. BAR NO.:: 614009
mmschneider@dldlawyers.com