UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 14-23285-CIV-MORENO

TRUDY MIGHTY,

    Plaintiff,

vs.

MIAMI-DADE COUNTY and
MIGUEL CARBALLOSA,

    Defendants.

_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION
AND DENYING DEFENDANT MIGUEL CARBALLOSA'S MOTION TO DISMISS**

This is an action by the estate of David N. Alexis to recover for alleged civil rights violations that were committed when Officer Miguel Carballosa shot and killed Mr. Alexis. Plaintiff Trudy Mighty, as representative of Mr. Alexis' estate, also filed suit against Mr. Carballosa's employer, Miami-Date County. The Court referred this case to the Honorable John J. O'Sullivan, United States Magistrate Judge, who filed a Report and Recommendation on the Defendants' motions to dismiss the Plaintiff's claims. After a careful review of the facts presented in the Complaint, Magistrate O'Sullivan recommended that the Court dismiss the case against Miami-Dade county based on sovereign immunity, but recommended allowing the case to proceed against Mr. Carballosa. The Court now reviews the issues presented in the Parties' motions briefs and objections to the Report and Recommendation *de novo*. Being fully advised in the premises of the Defendants' motions to dismiss, it is adjudged that Magistrate O'Sullivan's Report and Recommendation is affirmed and adopted.

The Court notes that the Plaintiff did not object to Magistrate O'Sullivan's recommendation that the case against Miami-Dade be dismissed based on sovereign immunity. In any event, the Plaintiff did not plead facts that could establish the existence of a county-wide "policy or custom" encouraging or allowing police officers to shoot innocent and unarmed civilians. As such, Miami-Dade's motion to dismiss is granted.

Mr. Carballosa presents a more difficult issue in his qualified immunity defense. After a detailed review of the law governing qualified immunity in this Circuit, Magistrate O'Sullivan carefully applied the facts alleged in the Complaint to find that Mr. Carballosa was not entitled to qualified immunity from suit. Mr. Carballosa now asks the Court to supplement the Plaintiffs' narrative with the incident report from Mr. Alexis' shooting, which paints a gravely different picture of the events leading up to Mr. Alexis' death.

The Court concludes that Mr. Carballosa is not entitled to immunity based on the facts alleged in the Complaint. In reaching this conclusion, the Court declines to consider the incident report for the same reason Mr. Carballosa asks the Court to consider it: just as any plaintiff could artfully draft a Complaint to defeat qualified immunity and deprive an officer of the doctrine's intended protection, any officer could creatively draft an incident report to deprive the civilians involved of the Court's protection. The incident report is ultimately the officer's narrative of the events leading up to Mr. Alexis' death, and at this stage of litigation, the Court must accept the Plaintiffs' narrative of those events as true. If, as alleged, Mr. Carballosa shot and killed Mr. Alexis without provocation or justification, then he violated Mr. Alexis' clearly established right to be free from unreasonable seizure. The Court will reconsider Mr. Carballosa's qualified

immunity defense with particular attention the incident report at the summary judgment stage, but Mr. Carballosa's motion to dismiss is denied.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of August, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge John O'Sullivan

Counsel of Record