UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 14-23285-CIV-MORENO**

TRUDY MIGHTY, as Personal Representative
of the Estate of David N. Alexis, deceased,

       Plaintiff,

vs.

MIAMI-DADE COUNTY and MIGUEL
CARBALLOSA,

       Defendants.

_____/

## OMNIBUS ORDER TEMPORARILY LIFTING THE STAY, CLARIFYING THE COURT'S ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION, DENYING AS MOOT PLAINTIFF'S MOTION TO CERTIFY, AND REINSTITUTING THE STAY

THIS CAUSE came before the Court upon Plaintiff's Motion to Lift Stay to Allow Appellate Review and to Certify August 25, 2015 Order as Final and Appealable (the "Motion to Lift Stay") **(D.E. 72)**, filed on **January 6, 2016**.  Plaintiff also filed a Proposed Motion to Certify the Court's August 25, 2015 Order Adopting Magistrate's Report and Recommendation as Final and Appealable pursuant to Rule 54(b) (the "Motion to Certify") **(D.E. 72-1)** on **January 6, 2016**.  The Court also has cause to reconsider its ruling  on Plaintiff's Motion for Clarification Regarding the Court's Order Adopting the Magistrate's Report and Recommendation (the "Motion for Clarification") **(D.E. 59)**, filed on **August 28, 2015**, which the Court denied as moot as part of the Order Staying Case Pending Appeal  **(D.E. 63)** on **September 10, 2015**.  The Court now reviews the issues presented in all of these motions and their concomitant responses and replies, and issues the following Omnibus Order.

## I.    BACKGROUND

This is an action by the Estate of David N. Alexis to recover for alleged civil rights violations that were committed when Officer Miguel Carballosa shot and killed Alexis. Plaintiff Trudy Mighty, as the personal representative of Alexis's estate, also asserted claims against Carballosa's employer, Miami-Dade County, for violation of 42 U.S.C. § 1983, wrongful death, assault and battery, and negligent failure to train. Shortly after Plaintiff filed her Amended Complaint (D.E. 17), both Miami-Dade County and Carballosa filed motions to dismiss the claims against them. *See* D.E. 23, 25. Miami-Dade County argued that Plaintiff failed to state a claim under Rule 12(b)(6) as to the Section 1983 claim and that sovereign immunity precluded Plaintiff's state law claims. Carballosa, on the other hand, argued that his qualified immunity defense required dismissal.

Magistrate Judge John J. O'Sullivan issued a Report and Recommendation after the motions to dismiss were fully briefed. The Report and Recommendation recommended that Miami-Dade County's Motion to Dismiss be granted and that Carballosa's Motion to Dismiss be denied. *See* D.E. 42 at 44. The Report and Recommendation also recommended that Plaintiff's claims against Miami-Dade County be dismissed without prejudice so that Plaintiff could have "a final opportunity to correct the pleading deficiencies identified in this Report and Recommendation." *Id.*

After Magistrate Judge O'Sullivan issued the Report and Recommendation, the Court reviewed the issues presented in the parties' Objections and the Report and Recommendation *de novo,* and "affirmed and adopted" the Report and Recommendation. D.E. 55 at 1. In so doing, the Court noted "that the Plaintiff did not object to Magistrate O'Sullivan's recommendation." *Id.* at 2. The Court concluded that "Miami-Dade [County]'s motion to dismiss is granted." *Id.*

The Order Adopting the Report and Recommendation did not state whether the dismissal was with prejudice or without prejudice. Plaintiff's Motion for Clarification asks the Court to clarify whether the dismissal was with or without prejudice, and requests leave to file a Second Amended Complaint. *See* D.E. 59.

On September 4, 2015, Carballosa filed his Notice of Interlocutory Appeal of the Court's denial of his motion to dismiss and his invocation of qualified immunity. *See* D.E. 61. The Court then stayed the case pending Carballosa's appeal and denied all pending motions as moot, including Plaintiff's Motion for Clarification. *See* D.E. 63.

Finally, on September 17, 2015, Plaintiff filed her Notice of Appeal. *See* D.E. 66. Miami-Dade County filed a Motion to Dismiss for lack of jurisdiction, and the Eleventh Circuit entered an order on December 22, 2015 granting the motion and dismissing Plaintiff's appeal. *See* D.E. 71. The court held that the Court's Order Adopting the Report and Recommendation was not a final, appealable order because "it did not resolve all claims against all parties, and the district court has not certified the order for immediate review under Federal Rule of Civil Procedure 54(b)." *Id.*

## II.    ANALYSIS

Whether to lift a stay is within the discretion of the Court. *See AXA Equitable Lift Ins. Co. v. Infinity Fin. Grp.*, LLC, No. 08-CV- 80611, 2012 WL 6027098, at *2 (S.D. Fla. Feb. 23, 2012). In exercising such discretion, the Court should consider the facts of each case and the public interest. *See id.*

Given the facts in this case, the Court finds a temporary lift of the stay is appropriate. Plaintiff's motions demonstrate that Plaintiff is in doubt as to where her claims against Miami-Dade County stand while her claims against Carballosa are on appeal. As such, the Court

**GRANTS** Plaintiff's Motion to Lift Stay for the limited purpose of allowing the Court to reconsider Plaintiff's Motion for Clarification (D.E. 59) and Motion to Certify (D.E. 72-1).

The stay having been lifted, the Court reconsiders its Order denying as moot Plaintiff's Motion for Clarification. The Court notes that Magistrate Judge O'Sullivan's Report and Recommendation recommended that Plaintiff's claims against Miami-Dade County be dismissed without prejudice, but that the Court's Order Affirming and Adopting the Report and Recommendation simply stated that "Miami-Dade [County]'s motion to dismiss is granted." D.E. 55 at 2. It would be inconsistent for the Court to find, however, that the Order that "affirmed and adopted" the Report and Recommendation also reversed Magistrate Judge O'Sullivan's recommendation that the dismissal be without prejudice. As a result, the Court **VACATES** its Order denying as moot Plaintiff's Motion for Clarification, **GRANTS** Plaintiff's Motion for Clarification, and **CLARIFIES** that the Order Adopting the Report and Recommendation dismissed Plaintiff's claims against Miami-Dade County without prejudice. Because Plaintiff's claims against Miami-Dade County were dismissed without prejudice, Plaintiff's Motion to Certify is **DENIED AS MOOT**.

### III.    CONCLUSION

Based on the foregoing, it is **ADJUDGED** as follows:

(1)    Plaintiff's Motion to Lift Stay (D.E. 72) is **GRANTED** for the limited purpose of allowing the Court to reconsider Plaintiff's Motion for Clarification (D.E. 59) and Motion to Certify (D.E. 72-1);

(2)    The Court's order denying as moot (D.E. 63) Plaintiff's Motion for Clarification is **VACATED**, Plaintiff's Motion for Clarification (D.E. 59) is **GRANTED**, the Court's Order Adopting the Report and Recommendation is **CLARIFIED** that the dismissal of Plaintiff's

4

claims against Miami-Dade County was without prejudice, and Plaintiff's request for leave to file a Second Amended Complaint is **GRANTED**;

(3)     Plaintiff's Motion to Certify is **DENIED AS MOOT** in light of the Court's ruling on Plaintiff's Motion for Clarification; and

(4) The stay in this case is **REINSTITUTED** for the pendency of Carballosa's appeal.

DONE AND ORDERED in Chambers at Miami, Florida, this ___23___ of February 2016.


_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Counsel of Record