UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23285-CIV-MORENO/MCALILEY

TRUDY MIGHTY, as Personal Representative
of the Estate of DAVID N. ALEXIS, deceased,

    Plaintiff,

vs.

MIAMI-DADE COUNTY, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S**
***DAUBERT* MOTION REGARDING CAPTAIN MARIO KNAPP**

Plaintiff filed a *Daubert* motion to strike defense witness Captain Mario Knapp or, in the alternative, to limit his testimony, which the Honorable Federico A. Moreno referred to me for a report and recommendation. (ECF No. 245, 261). Defendant, Officer Miguel Carballosa, filed a response. (ECF No. 250). Having reviewed the parties' memoranda of law, the pertinent portions of the record and the applicable law, for the reasons explained below, I recommend that the Court deny Plaintiff's *Daubert* motion.

**I.    BACKGROUND**

Plaintiff is the personal representative of the estate of David N. Alexis. On October 2, 2012, Mr. Alexis had an encounter with Miami-Dade Police Officer Miguel Carballosa, which ended when Officer Carballosa shot and killed Mr. Alexis. Plaintiff brings this action, under 42 U.S.C. § 1983 and Florida state law, against Officer Carballosa in his individual capacity, and charges that he acted under color of law and used excessive force

1

in violation of Mr. Alexis's rights under the Fourth Amendment, and the Due Process Clause of the Fourteenth Amendment, of the United States Constitution. (ECF No. 89).

Plaintiff moves to exclude the testimony of defense witness Captain Mario Knapp under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or alternatively to limit his testimony. (ECF No. 245). Officer Carballosa identifies Captain Mario Knapp as a "police captain with the Miami-Dade Police Department…[who] may testify regarding the training and procedures of the Miami-Dade Police Department, particularly with respect to the Robbery Intervention Detail at the time of this incident." (ECF No. 276 at ¶ 5). Plaintiff argues that Officer Carballosa failed to disclose Captain Knapp as an expert witness, and failed to submit his expert report. (ECF No. 245 at 10-11). Plaintiff also argues that Captain Knapp's anticipated testimony is irrelevant, cumulative and violates the best evidence rule. (*Id*. at 5-9).

## II.   ANALYSIS

Rule 702 governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Supreme Court in *Daubert* instructed district courts to act as a gatekeeper to ensure that an expert's testimony is both reliable and relevant before it can be admitted under Rule 702. *Daubert*, 509 U.S. at 597. Although the *Daubert* Court considered only scientific evidence, the Court extended its ruling to testimony based on technical and other specialized knowledge, in *Kumho Tire Co. v. Carmichael*, 526 137, 141 (1999). The ultimate objective of this gatekeeping function is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

        1.    <u>There is No Basis to Exclude Captain Knapp Under *Daubert*</u>

The fundamental flaw in Plaintiff's Motion is that she assumes Captain Knapp is an expert witness, but fails to demonstrate that this is so. Officer Carballosa's description of Captain Knapp's anticipated testimony makes clear that he will be offered as a fact witness, not an expert witness. Captain Knapp is a captain with the Miami-Dade Police Department, where Officer Carballosa was employed, and was a Lieutenant in the Robbery Intervention Detail, the unit to which Officer Carballosa was assigned at the time of the shooting. Officer Carballosa states that Captain Knapp is expected to testify to the training and procedures of the Miami-Dade Police Department and the Robbery Intervention Detail in particular. (ECF No. 276 at ¶ 5). Officer Carballosa's witness list specifies which witnesses will be offered as experts, and Captain Knapp is not identified as such. (ECF No. 276, *compare* ¶ 5 with ¶¶ 6-8).

3

Plaintiff makes no showing that Captain Knapp's expected testimony requires application of "scientific, technical, or other specialized knowledge." Tellingly, Plaintiff's Motion contains no *Daubert* analysis at all. And, Officer Carballosa confirms that he is offering Captain Knapp as a fact witness. (ECF No. 250 at 13-14). Plaintiff provides no legal or factual basis to exclude Captain Knapp's testimony under *Daubert*, and thus, her Motion should be denied in its entirety. For the sake of completeness, however, the Court will address the merits of Plaintiff's arguments below.

2. Captain Knapp's Anticipated Testimony is Relevant

Plaintiff asserts that Captain Knapp's testimony about the Miami-Dade Police Department's training and procedures is irrelevant to her § 1983 claim. (ECF No. 245 at 5-8). Rule 402 of the Federal Rules of Evidence provides that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plaintiff concedes that "[t]he parties are permitted to introduce testimony regarding the generally accepted practices for a police officer in order to establish what a reasonable officer in [Officer Carballosa's] position would have known and would have done." (ECF No. 245 at 5). But Plaintiff argues that "testimony regarding the specific training, policies and procedures of the Miami-Dade Police Department… would be irrelevant as to whether [Officer Carballosa] violated the 'objectively reasonable' standard under the Fourth Amendment." (*Id.* at 6).

4

Plaintiff supports her argument with two out-of-Circuit cases, neither of which involved the situation here, where testimony regarding department training and procedures is offered defensively. *See Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005) (excluding plaintiff's expert who opined that the officer violated "well established law enforcement standards" and used more than the minimum amount of force necessary because it is irrelevant to Fourth Amendment inquiry); *United States v. Rodella*, No. CR 14-2783, 2014 WL 6634310 at *24-25 (D.N.M. Nov. 19, 2014) (excluding testimony of plaintiff's expert that officers violated nationally accepted police procedures because it is irrelevant to § 1983 claim).

Plaintiff's argument, and her reliance on these cases, is inconsistent with her intention to offer her own police practices expert, Joseph J. Stine. (ECF No. 269 at ¶ 5). Her argument is also unsupported by decisions of this Circuit, which regularly find that such testimony is relevant to an excessive force claim. For example, in *Foltz v. City of Largo*, the plaintiff brought § 1983 claims against a police officer in his individual capacity for using excessive force and against the City based upon municipal liability, which the Court bifurcated for trial. *Foltz*, No. 8:10-cv-759-T-24-EAJ, 2011 WL 4632034 at *1 (M.D. Fla. Oct. 4, 2011). The plaintiff moved to preclude "evidence of compliance with law enforcement policies, procedures, and customs offered defensively, as opposed to being offered in response to Plaintiff's allegations that one or more specific policy, procedure, or custom was violated…." (*Id.*). The *Foltz* court held that "[t]o the extent that Plaintiff contends that the defense cannot show that the police complied with polices and procedures that Plaintiff does not contend the police violated, the Court rejects her

argument, as such evidence may be relevant in this case." (*Id.* at *2). *See also Knight v. Miami-Dade County*, No. 09-23462, 2014 WL 11813876 at *6 (S.D. Fla. May 14, 2014) (holding that testimony "regarding how Defendant Officers' alleged noncompliance with the Miami-Dade Police Department's policies created the alleged need for deadly force…is probative to one of the issues to be decided by the jury in this case: whether Defendant Officers' decision to use deadly force was objectively reasonable.").

Lastly, Plaintiff argues that Captain Knapp's testimony is irrelevant because Officer Carballosa testified at deposition that he "does [not] know or recall what many of the Miami-Dade Police Department standard procedures were for his unit…on the night [of the shooting]." (ECF No. 245 at 6). Plaintiff's characterization of Officer Carballosa's deposition does not establish that Captain Knapp's testimony would be irrelevant. The scope of relevant evidence is not defined by Officer Carballosa's deposition testimony. And even if Officer Carballosa could not articulate specific police procedures during his deposition, he might testify at trial to knowing those procedures at the time of the incident if, for example, his recollection is refreshed.

For the foregoing reasons, I conclude that testimony from Captain Knapp regarding the training and procedures of the Miami-Dade Police Department and Robbery Intervention Detail unit is relevant to whether Officer Carballosa's actions on the night in question were objectively reasonable.

### 3. Captain Knapp's Anticipated Testimony is Not Cumulative

Plaintiff argues that even if Captain Knapp's anticipated testimony is relevant, the Court should still exclude because it "impermissibly duplicates" Officer Carballosa's

expert witness W. Kenneth Katsaris. (ECF No. 245 at 8-9). Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403. Officer Carballosa identified Katsaris as a "police practices expert" who "will testify that Officer Carballosa acted consistently and in accordance with both national police and law enforcement standards and practices as well as his own training during the incident at issue . . . ." (ECF No. 276 at ¶ 8). Captain Knapp, however, is expected to testify on a narrower subject, the training and procedures of the Miami-Dade Police Department and the Robbery Intervention Detail in particular. (*Id*. at ¶ 5). On this record, the subject matter of their anticipated testimony is different, and thus, Plaintiff has not shown that there is a danger of presenting cumulative evidence which substantially outweighs the probative value of Captain Knapp's expected testimony.

### 4. Plaintiff Has Not Shown that Captain Knapp's Anticipated Testimony Violates the Best Evidence Rule

Plaintiff argues that Captain Knapp cannot testify about specific policies of the Miami-Dade Police Department under the best evidence rule because Officer Carballosa "was required to disclose in his trial exhibits the actual, original written policies and training manuals about which Captain Knapp would testify." (ECF No. 245 at 7-8). Rule 1002 states that "[a]n original writing…is required in order to prove its content unless these rules [of evidence] or a federal statute provides otherwise." Fed. R. Evid. 1002. As the Eleventh Circuit explained:

> Rule 1002 requires production of an original document only when the proponent of the evidence seeks to prove the content of the writing. It

7

> does not, however, require production of a document simply because the document contains facts that are also testified to by a witness.

*Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994) (quotation marks and citations omitted).

As an initial matter, the Court notes that Plaintiff fails to develop this argument, as she devotes only one paragraph to the issue with no analysis. (ECF No. 245 at 7-8). The Court is not required to accept Plaintiff's conclusory assertion that the best evidence rule bars Captain Knapp's anticipated testimony. Plaintiff's failure to meet her burden of proof is itself reason to deny the Motion.

For the sake of completeness, though, the Court will address the merits of her argument. It is true that Officer Carballosa did not list any procedure or training manuals of the Miami-Dade Police Department in his trial exhibit list. (*See* ECF No. 277). However, Plaintiff has not shown that Officer Carballosa will try to prove the content of any writings through Captain Knapp's testimony. Captain Knapp "served as a supervisor and instructor at the Miami-Dade Public Safety Training Institute." (*See* ECF No. 276 at ¶ 5). Plaintiff assumes that Captain Knapp will be required to testify to the contents of written documents but, given his experience, it is possible that his testimony will be based upon personal knowledge gained independently of any unproduced writing. "[I]f a witness's testimony is based on his first-hand knowledge of an event as opposed to his knowledge of the document, however, then Rule 1002 does not apply." *Ind. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-cv-691-T-24-MAP, 2014 WL 4983912 at *5 (M.D. Fla. Oct. 6, 2014) (quotation marks and citations omitted).

Application of the best evidence rule depends in large part on the specific questions that Captain Knapp will be asked, and his foundation for answering them. This interplay is reflected in the Eleventh Circuit's *Allstate* decision. In holding that the district court abused its discretion in excluding a witness's testimony pursuant to the best evidence rule, the Eleventh Circuit reasoned that:

> The question posed to [the witness] did not seek to elicit the content of any writing; therefore, Rule 1002 was not implicated. Although [the witness] testified that he was familiar with Allstate's underwriting guidelines, and his answer to the question undoubtedly would have been based in part on the contents of those guidelines, [the witness] would not necessarily have been required to state the contents of the guidelines in order to answer the question.

*Allstate*, 27 F.3d at 1543. Application of the best evidence rule also depends on what documents are introduced at trial. *See, Ind. Eng'g & Dev., Inc.*, 2014 WL 4983912 at *5 (denying motion *in limine* because "given that [the proponent] could seek to introduce the…records at trial, Plaintiffs' pretrial motion to exclude [the witness's] testimony on the basis of the best evidence rule is premature.").

For the foregoing reasons, it is not appropriate at this time to exclude or limit Captain Knapp's testimony based upon Rule 1002.

### 5. Plaintiff Has Not Shown Entitlement to the Additional Discovery Requested

In her prayer for relief, Plaintiff requests that if the Court determines that Captain Knapp's testimony is relevant lay testimony, it should "[r]equire Defendant Carballosa to disclose and provide forthwith a copy to Plaintiff's counsel [of] any original policy about which Captain Knapp will testify; and [r]equire Defendant Carballosa to produce Captain

9

Knapp for a deposition within 10 days." (ECF No. 245 at 12). Discovery closed on January 30, 2017. (ECF No. 103 at 1). Long before that deadline, on May 5, 2015, Officer Carballosa identified Captain Knapp as a fact witness in his Initial Disclosures. (ECF No. 192-1 at 5, 9). And on January 5, 2017, Officer Carballosa filed his Witness List identifying Captain Knapp as a "MDPD officer who will testify regarding MDPD training, policies and procedures." (ECF No. 158 at ¶ 25). Plaintiff had ample notice and opportunity to take Captain Knapp's deposition before the discovery deadline but did not do so.

As for the "original policy" she now seeks, as explained above, Plaintiff has not shown that Captain Knapp will testify to the contents of a written policy. Nor has Plaintiff shown that the "original policy" is responsive to a discovery request she timely served on Officer Carballosa. Discovery concluded nearly two and a half years ago, and trial is scheduled to begin in a few months.[1] On this record, Plaintiff has offered no basis to reopen discovery at this late juncture.

## III.  RECOMMENDATION

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiff's *Daubert* Motion to Strike Defense Witness Captain Mario Knapp or, in the Alternative, to Limit His Testimony, (ECF No. 245).

**No later than 14 days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Federico A. Moreno, who is obligated to make a *de novo* review of only those

---

[1] Trial is set for the two-week period commencing September 16, 2019. (ECF No. 260 at ¶ 1).

factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

     RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 31st day of May, 2019.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Federico A. Moreno
    Counsel of record